JOHN DE BRUHL v. MAX MAAS.

(Case No. 1057.)

1. VENDOR'S LIEN.— The lien which a vendor has on land for the unpaid purchase money is neither diminished or affected by taking from the vendees, who have executed notes for the purchase money, a deed of trust.

2. VENDOR'S LIEN — PROMISSORY NOTE.— The blank indorsement of a purchase money note, or its transfer by delivery when made payable to bearer, passes to the owner thereof the vendor's lien which secures it.

3. CONDITIONAL SALE — MORTGAGE.— If it be doubtful whether the parties to an instrument intended a mortgage or a conditional sale, courts of equity will consider the transaction as a mortgage. If the relation of debtor and creditor remains, and a debt still subsists, it is a mortgage; but if the debt be extinguished by the agreement of the parties, or the money advanced is not by way of loan, and the grantor has the privilege of refunding, if he pleases, by a given time, and thereby entitles himself to a reconveyance, it is a conditional sale.

4. DEED OF TRUST — VENDOR'S LIEN.— A vendor, to secure the unpaid purchase money on land, received a promissory note, which recited that it was given for purchase money, and as further security a deed of trust was executed by the purchaser. In default of payment the purchaser reconveyed, and leased from the vendor the premises, contemporaneous with which a written memoranda was executed, to the effect that if the rent was punctually paid each month, the original vendor would give the lessee "a chance" to repurchase the property, at the amount due on the same under the original contract. The original purchase money note was retained by the vendor, and suit brought thereon, praying that the deed of trust, reconveyance, lease and written memoranda be decreed to constitute a mortgage, and for judgment on the amount due on the note with decree of foreclosure, etc. *Held* —

 1. Whether the original vendor still retained the lien which he preserved by virtue of the deed of trust, or whether the new agreement was given as a cumulative and auxiliary security for, and in lieu of it, the judgment for the plaintiff would be equally well supported.

 2. The effect of the mortgage deed and the lease, construed together, was to add to the plaintiff's former rights, as a mere naked mortgagee, that of a mortgagee in possession of the mortgaged property (the lease acknowledging the plaintiff's possession and right thereto).

 3. The above conclusions were reached on evidence, from which it could be reasonably inferred that the deed of trust was not abrogated; that there was no novation of the contract, and that the subsequent contracts entered into by the parties were not intended to affect the conditional sale of the property, but to vary the obligation only, by increasing the security which originally existed.

5. HOMESTEAD.— The right of homestead does not attach until the property is paid for; until then, the husband may, without consulting the wife, renounce the land to the holder of a lien thereon, or incumber it by a mortgage to him with right of possession in the mortgagee.

ERROR from Galveston. Tried below before the Hon. Wm. H. Stewart.

Suit instituted by Max Maas, as the holder and owner of the note of John De Bruhl and wife, the appellants, praying for a judgment for the balance due thereon, and for the foreclosure of the lien upon the city

lots described in the petition. The note was payable to
the order of the makers thereof, and indorsed in blank
by them, for the sum of $300, dated April 19, 1872, pay-
able two years after date, with twelve per cent. per annum
interest from date; it recited on its face that it was given
for the payment of part of the purchase money of the
lots, and that it was secured by a deed of trust. Plaint-
iff alleged in his petition that the note was given as
part payment of the purchase money of said lots by the
defendants, in their purchase thereof from A. J. Walker
and Fanny J. Walker, and that plaintiff had a vendor's
lien on the lots and the improvements thereon. The peti-
tion alleged that at the date of the note the defendants
executed and delivered a deed of trust on the lots to se-
cure the payment of the note, constituting one John K.
Spears trustee, which deed of trust was made an exhibit
as part of the petition. The deed of trust acknowledged
as the consideration the indebtedness evidenced by the
note to A. J. and Fanny J. Walker, and the note is set
out in that instrument. It is, otherwise, in the form
usual in deeds of trust given to secure the payment of
debts, and was duly acknowledged by Mrs. De Bruhl in
the form required in conveyances made by married
women.

The plaintiff further alleged in his petition that the
trustee was dead; that on the 28th day of August, 1876,
and on the 1st day of September, 1876, he requested
payment of the note; that the defendants failed to pay,
and asked for further time on the same; that in order
more fully to secure the payment of the purchase money,
they offered to convey the lots to him, with the under-
standing that they were to have the possession of them
for twelve months, by virtue of a lease at $5 per month;
and petitioner agreed in consideration thereof, that at the
expiration of the lease defendants might repurchase the
lot for the amount of the purchase money due on the

same, with thirty days grace allowed them after the ex-
piration of the lease. The petition alleged that these
terms were agreed to on both sides, and corresponding in-
struments of writing executed in pursuance of the under-
standing of the parties, viz.: a deed of conveyance from
the defendants duly acknowledged, to the plaintiff, and a
formal written lease from the plaintiff to the defendants;
and also a written memorandum from the plaintiff's
agent (through whom the entire transaction was consum-
mated), to the defendants, which stipulated that if they
should punctually pay the rent each month, "that Sam
Maas, will, after the expiration of said lease, give a chance
to said De Bruhl to repurchase said property, at the
amount due on the same, holding it over for thirty days."
The petition alleged that Sam Maas, who transacted the
foregoing negotiations and entered into the contract with
defendants, was plaintiff's duly authorized agent.

The petition prayed that the deed of trust, deed, lease,
and the agreement in writing, be decreed by the court to
constitute a mortgage on the lots, and for judgment for
the balance due on the note, with interest, and for a
decree to enforce the vendor's lien on the lots and im-
provements for the purchase money.

The suit was filed July 19, 1878.

The defendants answered by general demurrer; plea of
the statute of limitations; a general denial; special plea
that the property described in plaintiff's petition was their
homestead, and that plaintiff had no lien of any descrip-
tion thereon.

The cause was submitted to the court without a jury;
judgment for the plaintiff against John De Bruhl for the
balance claimed to be due on the note; decree of fore-
closure, and order for the sale of the lots.

The appellants assigned the following grounds of error,
viz.:

1. The court erred in rendering judgment for the plaintiff

on the ground that their demand was a subsisting debt and a lien upon the property described in plaintiff's petition, for the reason that the lien had been waived, and the note sued on had been satisfied and discharged by the new contract made between the parties as evidenced by the deed of De Bruhl and wife to Max Maas, and lease and testimony of Sam Maas, agent of plaintiff.

2. The court erred in rendering judgment for the plaintiff for the sum of $250 and foreclosure of lien on the lot, and the said judgment was contrary to the law and evidence, for the reason that the proof in this case does not support a mortgage or other lien.

The note sued on, the deed of trust, the deed of conveyance, the contract of lease, and the agreement or memorandum in writing, were all put in evidence by the plaintiff. Sam Maas testified as a witness in behalf of the plaintiff to the amount due on the note as a balance, viz.: $200, with twelve per cent. interest from April 19, 1874; that the same was a balance of purchase money of the lot described in the petition, and that the note was the property of the plaintiff; that he was, and acted in this matter before the court, as agent for the plaintiff; that he had indulged defendants to a great extent; had at their instance paid the amount of $28.68 for taxes due on the lot; that the deed of De Bruhl and wife to Max Maas was made as a peaceable settlement, and had they given up, and gone out of the property, it would have been an end of the matter; that the property in question was in value not exceeding four hundred dollars, and was the homestead of De Bruhl and wife; that the total amount due on the note and interest paid by Sam Maas amounted to $330.75, and that defendants had paid him the sum of $26.40, which latter amount he applied to payment of taxes, at the request of defendant. Witness further stated that no consideration passed between him or Max Maas and defendant on the 28th of August, 1876 (the

date of the deed from defendants, the lease, and memorandum in writing), when the deed referred to was executed, and that the understanding was, that if the balance of the note for the purchase money was paid within one year from date of that deed, the property would be reconveyed to defendants by Max Maas, the owner of the note; that witness retained possession of the purchase money note and deed of trust as agent for Max Maas, and that defendants had remained in possession of the property all the time, and were still occupying it.

*Wheeler & Rhodes*, for plaintiffs in error.

I. The court erred in rendering judgment for the plaintiff, on the grounds that their demand was a subsisting debt and a lien upon the property described in the petition, for the reason that the lien had been waived, and the note sued on had been satisfied and discharged by the new contract made between the parties, as evidenced by the deed of De Bruhl and wife to Max Maas, and lease, and testimony of Sam Maas, agent of plaintiff.

II. It is manifest from the testimony of Sam Maas, the agent of plaintiff Max Maas, and through whom all the transactions were had, that the deed of De Bruhl and wife to plaintiff was in lieu of and in settlement of all former transactions. This property was the homestead of defendants, and the contract made by the deed and written agreement of the 28th day of August, A. D. 1876, being made after the adoption of the constitution of 1876, comes within the prohibition of the 50th section of that instrument, and was void.

[No brief for defendant in error has reached the reporter.]

WALKER, COMMISSIONER.—The assignments of error present but a single question, and that is, whether the note

sued on was, at the institution of the suit, secured by a valid lien, to which the lots were then subject.

The first assignment of error, in effect, states as the proposition of law contended for, that under the facts of the case, the note and purchase lien which secured it was satisfied and extinguished by the subsequent contracts of deed, lease, and agreement to reconvey on condition, and that consequently the judgment of foreclosure of the lien and for the debt was erroneous. The second assignment is in effect the same proposition, varied only in form: that as the facts do not show a lien, a judgment to subject the property to the payment of the debt was erroneous.

The evidence showed clearly that the note was given for the purchase money of the lots; the note recited on its face to have been so given. The vendor's lien existed, therefore, to secure the payment of the note; nor was the right of the vendor in respect to the lien affected or diminished by taking from the vendees and makers of the note a deed of trust. Howards v. Davis, 6 Tex., 182. The deed of trust, therefore, was an effective lien to assure the vendor in his rights as such for the security of the purchase money. The assignee of the note succeeded to the rights of the vendor The assignment by blank indorsement of a note given for the purchase money of land carries with it the vendor's lien. Moore v. Raymond, 15 Tex., 556. So also of the transfer by delivery of a note payable to a bearer which is secured by the vendor's lien; it passes the lien. White v. Downs, 40 Tex., 225.

The plaintiff, consequently, held a vendor's lien in right of his ownership and the deed of trust at the time when the transactions occurred between the plaintiff's agent, Sam Maas, and the defendants, on the 28th day of August, 1876, which resulted in making the contracts which have been stated. This lien he continued to hold, unless the same was lost, waived or merged by the effect of the con-

tracts which were entered into at the time above named. It was competent for the parties to abrogate the then existing lien, and to substitute in lieu thereof other obligations, or to wholly extinguish the debt and the lien by such terms of settlement and adjustment as they saw proper to make.

The plaintiff claims in his petition that the legal effect of the contracts which were made, and the intention of the parties to them, was not to abrogate the then existing lien, nor to settle and adjust the debt by a conveyance to the plaintiff of the lots, but that the deed which was executed was in effect delivered as a mortgage and as a security of the debt, without detriment to the lien which already existed by virtue of the deed of trust. This issue is met by the general denial of the defendants, and their answer setting up the exemption of the property in question from the operation of such a contract, by reason of the fact that the lots constituted the homestead of the defendants. The judge who tried the issue determined it in favor of the plaintiff. The judgment of the court will be entitled to the same consideration upon the facts determined by it, as would be the verdict of a jury. There was evidence before the court which strongly supported the conclusion of the court, that the deed was delivered to operate and have the effect of a mortgage. There can be no objection, therefore, to the judgment that it is not sustained by the evidence. The evidence was such as to allow of a question whether the deed was intended as a conditional sale or as a mortgage. If it was the former, the plaintiff was not entitled to recover.

The court determined by the judgment which was rendered, that the deed, if it had any effect, was delivered as a mortgage. The rules of law which apply to the proper ascertainment of whether, in transactions like this, a deed is intended to be a conditional sale, or is delivered as a mortgage, well sustain the application which was made

by the court which passed upon the evidence. It is laid down, that "if it be doubtful whether the parties intended a mortgage or a conditional sale, courts of equity incline to consider the transaction a mortgage, as more benign in its operation." Poindexter *v.* McCannon, 1 Dev. Eq., 377. And again, it is laid down by very numerous authorities, that the test of the distinction is this: "If the relation of debtor and creditor remains, and a debt still subsists, it is a mortgage; but if the debt be extinguished by the agreement of the parties, or the money advanced is not by way of loan, and the grantor has the privilege of refunding, if he pleases, by a given time, and thereby entitle himself to a reconveyance, it is a conditional sale. Slee *v.* Manhattan Co., 1 Paige, 48; Goodman *v.* Grierson, 2 Ball & Beat., 274; Chief Justice Marshall, in Conway *v.* Alexander, 7 Cr., 237; 2 Edw. Ch., 138; 14 Pick., 467; 2 Sum., 534; 8 Paige, 243. The judgment is well supported by the evidence to show that the plaintiff had a valid lien upon the lots, by virtue, at least, of the deed of conveyance made by the defendants to him; and it is not necessary to inquire whether he still retained and preserved the lien which he previously had by virtue of the deed of trust, or whether the new lien was given as a substitute for and in lieu of it. The judgment will be equally well supported, to suppose that the deed was given as cumulative and auxiliary security to the purchase money lien given by the deed of trust. The effect of the mortgage deed and the lease, construed together, was to add to the plaintiff's former rights as a mere naked mortgagee, that of a mortgagee in possession of the mortgaged property; the lease expressly acknowledged the plaintiff's possession and right thereto, and that defendants occupied the premises as his tenants, paying monthly rent. It was the province of the court to determine under the issues, upon the evidence adduced, whether there was a valid subsisting lien or not, and there is evidence sufficient to support

the conclusion which was arrived at; there was evidence before the court from which it might reasonably be deduced that the deed of trust was not abrogated; that there was no novation of the contract; and that the subsequent contracts entered into by the parties were intended to effect, not a conditional sale of the property, but to vary the obligation only, by increasing the security which already existed. The evidence showed that the deed, lease and memorandum in writing were executed contemporaneously, between the same parties, in reference to the same subject matter, and they will be deemed one instrument and one contract. Dunlap v. Wright, 11 Tex., 597; Howards v. Davis, 6 Tex., 174; Alexander v. Baylor, 20 Tex., 560. If the deed was executed and delivered by its makers as a security for the debt, it will be construed and held to have the effect of a mortgage; and whether it was in fact a mortgage, irrespective of the form, is a question for the jury under the evidence. Hopkins v. Nichols, 22 Tex., 206. And the court will not disturb their verdict merely because the verdict is not satisfactory. Carter v. Carter, 5 Tex., 101. There was evidence to support that view of the transactions, besides other testimony tending to corroborate, if not to distinctly establish it.

The defense set up, that the lots constituted the homestead of the defendants, is not applicable to the facts of this case. The right of a homestead does not attach until the property is paid for. Farmer v. Simpson, 6 Tex., 303; Clements v. Lacey, 51 Tex., 150. The lien which was sought to be enforced by the plaintiff was to secure the purchase money which the defendants had promised to pay for the lots which they claim as their homestead.

It is urged in the brief of appellant's counsel, that the contract made by the deed and written agreement of the 28th day of August, 1876, was in contravention of the homestead rights of the defendants, secured to them under the fiftieth section of article XVI of the constitu-

tion of 1876, and was therefore void. The construction which the supreme court has given to the provisions which were contained in the previous constitutions of the state, regulating homestead rights, apply equally, so far as the question here presented is concerned, to the constitutional provision which is relied on by the appellant's counsel. It was held in White *v.* Shepperd, 16 Tex., 172, in regard to the restraint on the husband to dispose of the homestead without the wife's consent, that "this restriction applies where the husband has acquired full property in the land, and not where it is charged with preceding equities and incumbrances. These must be discharged, and they have precedence over the rights of the homestead privilege; and the right of the husband to make arrangements in relation to these incumbrances, or to renounce lands thus burdened or subject to conditions and contingencies, could not be questioned by the wife, in virtue of her remote right, which might arise if the incumbrances or conditions were ever discharged or removed, unless in cases where the husband is squandering the property with the fraudulent design of depriving the wife of a homestead."

The foregoing propositions, quoted from the opinion of Chief Justice Hemphill, are quoted with approval in Clements *v.* Lacey, 51 Tex., 150, in which case it was said, in the opinion by Justice Bonner, that "it has long been the settled doctrine of this court, that a homestead is not acquired, as against parties holding prior equities and incumbrances, until the title to the land on which such homestead is sought to be established has been perfected by the payment of the purchase money, and that all liens accruing before the homestead has been established must be raised, or it will be subject to forced sale for their satisfaction."

The lots being incumbered by the lien for the purchase money, the husband had the right even to renounce the

land to the holder of the lien (Clements *v.* Lacey, *supra);* and he had the right, *a fortiori,* to incumber it by mortgage and right of possession to the mortgagee.    The consent of the wife thereto was not requisite to the validity of his contract with the plaintiff; nor was the contract so made in derogation of the homestead rights of the defendants.    They had acquired none as against the prior equities of the plaintiff.

Whatever question may have been presented as to the erroneousness of the judgment on the ground of limitation, has been waived by the assignment of errors, and is not presented in the brief of the appellant's counsel.  The assignment of errors was filed since the adoption of the "new rules" for the supreme court; the twenty-fourth of which provides that "the assignment of errors must distinctly specify the grounds of error relied on; and a ground of error not distinctly specified, in reference to that which is shown in the record, or not specified at all, shall be considered as waived, unless it would be so fundamental as that the court would act upon it without an assignment of errors, as mentioned in rule twenty-three."   The propositions embraced in the assignment of errors already stated and construed in this opinion, we do not believe can fairly be held to present a wider scope than we have assigned to them, so as to raise a question as to the sufficiency of the evidence to warrant the judgment for the debt, by reason of the defense of the statute of limitations.    If the judgment was in fact erroneous in the respect now under consideration, the error is not of that character which warrants us in considering it without its being assigned.    It cannot be classed as a fundamental error in the sense contemplated by rule twenty-three, which provides as follows: "Said record should contain an assignment of errors, as required by the statute.    If it does not, the court will not consider any error but one of law, that may be apparent upon the record, if the judg-

ment is one that could legally have been rendered in the district court and affirmed in the supreme court."

We conclude, upon the whole case, that the judgment of the district court ought to be affirmed.

AFFIRMED.

[Opinion delivered March 15, 1881.]