JOHN P. THOMPSON v. J. L. TERRY.

(No. 3580.)

APPEAL from Milam County. Opinion by WHITE, P. J.

*(Transferred from Austin.)*

WM. M. McGREGOR and R. LYLES, counsel for appellant.

W. M. JAMES, counsel for appellee.

**§ 28.** *Mortgage; conditional sale; contract construed to be a mortgage; case stated.* This suit was commenced in justice's court by Terry to recover possession from Thompson of three horses valued at $165. Terry recovered judgment for the horses in that court, and also in the county court, to which latter court the cause had been appealed by Thompson. Terry's claim to the horses was founded upon a written instrument executed to him by Thompson, under the following circumstances: The parties had outstanding accounts against each other, and being unable to settle their differences Terry sued Thompson. Thompson agreed that if Terry would dismiss the suit he would pay the costs, and that by the 26th day of December following he would adjust and settle whatever amount might be found due Terry, in five days after the settlement. Terry acceded to this, and as a part of, and in furtherance thereof, Thompson executed said written instrument, reciting therein that he was indebted to said Terry $100, and had bargained, sold and delivered to him the said three horses upon the following conditions, to wit: " Conditioned that, whereas I am indebted to the said T. L. Terry, if upon a settlement and mutual adjustment of our separate and mutual accounts by Wednesday, the 26th of December, 1884, I shall be found to be indebted to him, then, in that event, I will pay such sum of money as I may owe and be indebted to him, within five days after the adjustment of my said ac-

count; and should I fail to adjust and settle and determine the amounts due to him, the said T. L. Terry, within the time stipulated herein, or pay him the amounts found to be due him with the costs of suit in case No. ——, styled T. L. Terry v. John P. Thompson, within five days after the ascertainment of the amount, then this obligation shall be and remain an absolute bill of. sale; but if I should pay him said money found to be due at the time stipulated, then this obligation to be null and void and of no effect. (Signed) John P. Thompson." No settlement between the parties was effected, and Terry brought this suit claiming said horses as his property by virtue of said written instrument. The case was tried by the judge without a jury, and he filed his conclusions of fact and law. His conclusions of law were: 1. That said written instrument was a conditional sale of the horses, and became absolute upon the failure of Thompson to adjust and settle the differences between Terry and himself, and to pay the amount found to be due Terry within the times stipulated in said contract. 2. Upon the happening of the conditions the debt mentioned in said written instrument was extinguished, and said instrument became an absolute conveyance of the property in the horses, and was not therefore a mortgage. These conclusions are assigned as error, and appellant contends that the contract is in law a mere mortgage, defeasible by its terms, and was intended only as a security for such indebtedness as might be found due Terry after a settlement had with Thompson. *Held:* In the early case of Stephens v. Sherrod, 6 Tex. 294, Wheeler, J., quotes with approval from Kerr v. Gilmore, 6 Watts' R. 408, as follows: "All the cases show that an absolute sale and defeasance in the same instrument must be a mortgage, and nothing but a mortgage." And again it is said, "A sale in form, but which in fact and substance may be avoided by the payment of money within a given time, is, and will be held to be, a mortgage, until lapse of time or some other matter changes

it." In all doubtful cases the law will construe a con--
tract to be a mortgage rather than a conditional sale.
[2 Wait's Act. & Def. p. 168.] In Hudson v. Wilkinson,
45 Tex. 444, quoting from Ruffier v. Womack, 30 Tex. 332,
it is said: "The circumstances from which such contracts
have their origin, and the object generally intended to be
obtained by at least one of the parties being frequently
so nearly similar, it is often a matter of considerable em-
barrassment to say to which of these different classes of
contracts a particular transaction properly belongs. Nor
is it material what the papers themselves say on the sub-
ject. The question is, what in fact was the contract and
agreement of the parties? If by it there was a continu-
ing obligation against the appellees for the debt, the
transaction must be declared a mortgage, although it
was expressly stated in the deeds that the debt was fully
satisfied, and that it was expressly understood and agreed
that the contract was intended as a conditional sale, and
not a mortgage; for, whether it is the one or the other,
depends upon the construction placed by the law upon
the real agreement between the parties, and not on what
they have said about it." In De Bruhl v. Maas, 54 Tex.
464, it is said: "If it be doubtful whether the parties
intended a mortgage or a conditional sale, courts of
equity incline to consider the transaction a mortgage, as
more benign in its operation." And again, it is laid down
in very numerous authorities that the test of the distinc-
tion is this: "If the relation of debtor and creditor re-
mains, and a debt still subsists, it is a mortgage; but if
the debt be extinguished by the agreement of the par-
ties, or the money advanced is not by way of loan, and
the grantor has the privilege of refunding if he pleases by
a given time, and thereby entitles himself to a reconvey-
ance, it is a conditional sale." In Calhoun v. Lumpkin,
60 Tex. 185, it was held that "if the relation of debtor
and creditor existed when the deed was made, and which
it assumed to cancel, then whether the transaction would
be regarded as a conveyance absolute or a conditional

sale would depend on whether the debt was absolutely satisfied by the deed, or whether the apparent vendee still had a right of action against the vendor on his debt." [See, also, 2 W. Con. Rep. § 497.] This court has heretofore adopted the rule laid down by Mr. Jones in his work on Chattel Mortgages, §§ 26, 27, 28, 33, as follows: "Whenever it appears that the parties intended a conditional sale and not a mortgage, the instrument will be so construed, notwithstanding the leaning of the courts in favor of construing an instrument which leaves the intention of the parties in doubt, to be a mortgage rather than a conditional sale." [2 W. Con. Rep. § 722.] Applying the rules of law as we have stated them to the contract in question, we hold it to be a mortgage, and not a conditional sale, and hence we hold the judgment to be erroneous.

November 18, 1885.　　　　Reversed and remanded.