### JOHN W. TAYLOR ET AL. v. K. W. FRYAR.

Decided February 9, 1898.

**1. Jurisdiction—Amount—Lien—Garnishment—Constable.**

Suit upon a note for less than $500 and to foreclose a lien therefor upon land, was within the jurisdiction of the district court, though brought before the maturity of the note and with the issuance of attachment and garnishment; the lien was not waived by so suing, and neglect of an officer to serve the garnishment could not be defended on the assumption that the writ was void for want of jurisdiction in the court.

**2. Constable—Neglect to Serve Process—Burden of Proof.**

In a suit against a constable for neglecting to serve garnishment until after the garnishee had paid the debt the burden was on defendant to show the garnishee's insolvency as relieving him from liability.

APPEAL from McLennan. Tried below before Hon. J. N. GALLAGHER.

*Dyer & Dyer,* for appellant.

*Richard J. Munroe* and *J. R. Downs,* for appellee.

COLLARD, ASSOCIATE JUSTICE.—Counsel for appellant in his brief correctly states the nature and result of the case, as follows:

"Appellee, K. W. Fryar, on February 18, 1896, brought this suit in the County Court of McLennan County against appellants, John W. Taylor, constable of precinct No. 2, McLennan County, and Joe V. Bell and R. E. Payne, sureties on the official bond of said Taylor, alleging that he, Fryar, brought suit in the District Court of McLennan County October 3, 1895, against M. J. Hutto, on a note dated June 18, 1894, and due October 15, 1895, for the sum of $380, with interest from date at 10 per cent per annum and 10 per cent additional as attorney's fees in case said note was placed in the hands of an attorney for collection; that in said suit so brought in said District Court, he, said Fryar, sued out a writ of attachment and two writs of garnishment, one against P. F. Ross and the other against Jacob Lewis, both of whom were citizens of McLennan County, Texas, and which writs of garnishment were on the day they were sued out placed in the hands of appellant Taylor, constable, for immediate service, and that Taylor promised to make immediate service thereof; that he, Taylor, negligently failed to serve said writs of garnishment until October 5, 1895; that said garnishees were solvent when said writs were served, and continued to be solvent thereafter; that said garnishee Ross was indebted, when the writ of garnishment was issued, to M. J. Hutto in the sum of $255.59, and that the garnishee Lewis was then likewise indebted to said Hutto in the sum of $205.31, and that said sums were subject to garnishment. That after said writs of garnishment were issued on October 5, 1895, and before the service of the same, Hutto, learning of the issuance thereof, made a deed of trust or chattel mortgage, and conveyed thereby to one J. H. Adams his stock of merchandise and all his open accounts, notes, and claims, including the indebtedness due from the garnishees to M. J. Hutto, and that said garnishees were notified of the transfer of said accounts against them under said deed of trust before service of said writs of garnishment; that on the morning of October 5, 1895, said garnishee Lewis paid the trustee of Hutto the amount of his debt to Hutto, and that the garnishee Ross likewise paid the amount of his indebtedness due to Hutto to said trustee, Adams; that on account of the negligence of said Taylor, constable, he, plaintiff, was not able to subject the amounts due from said garnishees to his debt, and incurred the costs of suit, in the Ross suit amounting to $24.95, and in the Lewis suit $4.50; that on November 28, 1895, he, appellee, in his suit in the District Court of McLennan County, recovered judgment for $478.35 and costs amounting to $12.50, and foreclosure of his vendor's lien and attachment lien on sixteen acres of land; that under an order of sale, based on said District Court's judgment, said sixteen acres of land were sold to Moses Baker for $35, and after deducting cost of said District Court judgment, there was credited on said judgment $12.55; that said Hutto is insolvent, and nothing can be made out of him by law or execution, and unless plaintiff can recover against defendants on account of the gross negligence and failure of

duty on the part of Taylor, as constable, to promptly serve the aforesaid writs of garnishment, he will lose his debt.    Prayer for judgment for amount of his District Court judgment and costs of garnishment proceedings.

"Defendants answered by:

"1.    General demurrer.

"2.    General denial.

"3.    Special plea of appellant Taylor, that when the writs of garnishment were delivered to him on October 3, 1895, by appellee's counsel, he (appellant) was sick, and would not be able to serve them then or on the next day, and said attorney informed him that a day or such a matter would make no difference; that all he (said attorney) required, was that they be served as early as he could reasonably and well do; that he, Taylor, remained sick until October 5, 1895, when he served said writs, and that therefore he was not negligent in serving said writs.

"4.    Special plea by Taylor, setting up that M. J. Hutto had, before the writs of garnishment were delivered to him, sued the garnishee, Jacob Lewis, by attachment in the County Court of McLennan County, and attached his (Lewis's) property, and because of said attachment suit in the jurisdiction of the county court, plaintiff could not lawfully maintain garnishment proceedings against the garnishee Lewis in connection with his suit in the District Court of McLennan County.

"5.    Special plea by defendant Taylor, setting up that appellee in his suit in the District Court of McLennan County had, at the time of filing same and prior to suing out writs of garnishment, made affidavit for attachment against M. J. Hutto, who was then a merchant and had in his possession a stock of goods of the value of $1000, which was subject to seizure under writ of attachment, and if appellee failed to make his debt against Hutto, it resulted from plaintiff's failure to diligently apply the legal remedy by attachment he had so employed against said M. J. Hutto.

"Plaintiff filed replication, special exceptions to matters contained in special pleas numbers 3, 4, and 5 of defendant Taylor."

The court sustained plaintiff's second and fourth exceptions, and overruled his third exception.

The court rendered judgment for plaintiff against defendant for the sum of $256.60, with interest from February 18, 1896, at the rate of 6 per cent per annum, and for costs, from which defendants have appealed.

The parties made an agreed case of the matters involved in the suit under article 1414, Revised Statutes 1895, which agreement is as follows: "1. That plaintiff's original petition be copied into the record on appeal.    2. That defendants' first amended original answer be copied into the record.    3. That plaintiff's first supplemental petition be copied into the record.    4. That the judgment rendered herein be copied into the record.    5. That this agreement be copied into the record.    6. That appeal bond and assignments of error shall be copied into the record.    7. That pursuant to clause 6, supra, it is agreed between the parties plaintiff and defendant as follows:

"First.—That John W. Taylor was constable on October 3, 1895, and the other defendants were sureties on his official bond, and that plaintiff on said date placed the writ of garnishment sued out against P. F. Ross in connection with plaintiff's suit against M. J. Hutto in the District Court of McLennan County, Texas, in said Taylor's hands, and that he, Taylor, failed to serve said writ until two days thereafter, and that in the meantime, and on the second day after said writ of garnishment had been issued, the defendant Taylor served same on the garnishee Ross, but after Hutto had executed his deed of trust, and Ross had notice thereof. Ross lived in McLennan County in four miles of where the defendant Taylor lived. That M. J. Hutto, on the third day after said writ of garnishment was issued, made a deed of trust to secure his creditors and did not secure the plaintiff, and the evidence showed Hutto was insolvent after he made the deed of trust. That the garnishee Ross was not shown to be solvent when the garnishment was served. He was indebted unto M. J. Hutto when the latter made his deed of trust, by open account past due, in the sum of $256.59, and a few days after Hutto made deed of trust, paid above amount to Hutto's trustee, Adams, and the Ross debt was conveyed by the deed of trust.

"Second.—That on the 3d day of October, 1895, in the Fifth Judicial District Court of McLennan County, plaintiff sued M. J. Hutto, a resident citizen of McLennan County, on a note for the sum of $380, dated June 18, 1894, and due October 15, 1895, said note bearing 10 per cent interest from date and providing for 10 per cent attorney fees, if placed in the hands of an attorney for collection. That in said cause on the date it was filed plaintiff made an affidavit for attachment against M. J. Hutto, and levied same on fifteen acres of land, the property of Hutto. Said $380 note sued on was given for the purchase money for the tract of land attached in plaintiff's suit against Hutto, and foreclosure of vendor's lien was prayed for in said suit and had on trial of said cause, after answer by general demurrer and general denial, filed by defendant Hutto; said judgment was rendered after said debt matured and vendor's lien and attachment lien on said tract of land foreclosed, and under order of sale said land brought $12.50 after paying court costs. In said last mentioned suit, plaintiff made application for a writ of garnishment against P. F. Ross, based on the ground of attachment having issued in said case. No other process was prayed for or sued out in said case of plaintiff against Hutto.

"We, attorneys for plaintiff and defendants in the above cause, do agree upon the foregoing statement of cause and facts proven."

*Opinion.*—Appellants assign errors as follows:

"1. The court erred in overruling defendants' general demurrer, for the reason that plaintiff's petition fails to show that the District Court of McLennan County, Texas, had jurisdiction in the case of plaintiff against M. J. Hutto, out of which the garnishment was issued against P. F. Ross.

"2. The garnishment sued out by plaintiff in his suit in the District Court of McLennan County was wholly and absolutely void, for the reason that plaintiff sued M. J. Hutto on a demand not due amounting to $380, and in his said suit in the said District Court sued out a writ of attachment against M. J. Hutto, and procured thereon (that is, on the ground of having sued out an attachment) the writ of garnishment against P. F. Ross, and the said District Court being without jurisdiction of the amount in plaintiff's suit against Hutto rendered the garnishment proceedings against P. F. Ross void, and being void process, no duty was imposed on appellant Taylor as constable to serve same, and the failure to serve such void process would not render him and his sureties on his official bond liable to plaintiff as sought in this case.

"3.   The fact that plaintiff, in his action in the District Court, may have had a vendor's lien to secure his indebtedness against M. J. Hutto, would not confer jurisdiction on said District Court, because the plaintiff's suit was brought against M. J. Hutto in said District Court on October 3, 1895, on his debt against M. J. Hutto, on an indebtedness not due until October 15, 1895, and said District Court suit was prematurely brought to involve the jurisdiction of said District Court as respects said vendor's lien in the absence of a showing of any other fact or issuance of other process than the writ of attachment issued therein, and the resorting to attachment by plaintiff in his suit against Hutto, and levying a writ of attachment upon the lands upon which plaintiff held a vendor's lien, was a waiver of said lien.

"4.   Because the appellant Taylor, as constable, ought not to have been held liable to plaintiff, because plaintiff, as a necessary part of his cause of action and essential thereto, alleged that garnishee P. F. Ross was solvent, and plaintiff wholly failed to sustain said allegation by any evidence, and for this reason appellant Taylor and his sureties should not have been held liable to plaintiff, for no injury could have been sustained by plaintiff if said garnishee P. F. Ross was insolvent and not possessed of property subject to execution."

Under their assignments, appellants make the following proposition: "When appellee brought his suit on October 3, 1895, in the District Court of McLennan County, against M. J. Hutto, on a note of the latter for $380, and not due until October 15, 1895, the jurisdiction of the District Court was not invoked and was wanting in jurisdiction, for the reason that its jurisdiction was not called into exercise by resort to attachment process on a demand not due, as it had no jurisdiction of the amount involved.   And for the further reason that its jurisdiction was not called into exercise on appellee's claim against said M. J. Hutto on the theory that said claim was secured as to its payment by vendor's lien, for in such case said District Court's jurisdiction could not be invoked on the latter assumption to foreclose such vendor's lien until the debt became due; and hence, said District Court being without authority or jurisdiction when appellee brought his action therein against M. J. Hutto, its ancillary process of garnishment against Ross and Lewis were

mere nullities, and being void process, appellant Taylor, as constable, could not be held liable for failing to serve such void garnishment process."

1.   We are not disposed to hold that the fact that the suit of plaintiff against Hutto was brought before maturity of the note would raise a question of jurisdiction.   But aside from this, it can not be said that suit was prematurely brought inasmuch as an attachment was sued out, which may be done before the debt falls due, and attachment can not be sued out until suit is brought on the claim for the debt, but no judgment could be taken until maturity of the debt.   Rev. Stats. 1895, arts. 188, 189.   The garnishment proceedings were not void.   Rev. Stats. 1895, art. 217.

2.   The suit being to foreclose a lien upon land, was properly brought in the District Court.   Const., art. 5; Rev. Stats. 1895, art. 1098, subsec. 4.

3.   The levy of the attachment upon the land upon which there was a lien to secure the purchase money was not a waiver of the lien.   DeBruhl v. Maas, 54 Texas, 464; Irvin v. Garner, 50 Texas, 48.

4.   The burden was upon defendant Taylor to show that the garnishees were insolvent, in order to excuse himself from liability for negligence in failing to serve them.   Vaughan v. Warnell, 28 Texas, 121; 75 Am. Dec., 459; 95 Am. Dec., 418, and notes.   The garnishees paid their debts due to Hutto to his trustee before the writs of garnishment were served.

The judgment in the case of plaintiff against Hutto was rendered after maturity of the claim sued on, foreclosing the vendor's and the attachment lien on the land.

We find no error in the judgment of the court below as assigned, and it is affirmed.

*Affirmed.*