BRELAND et ux. v. GUARANTY BUILDING & LOAN CO.

Nos. 10136, 10266.

Court of Civil Appeals of Texas. Galveston.

March 5, 1937.

Henry W. Flagg, of Galveston, for appellants.

Stewarts, Noble Carl, and Byron Economidy, all of Galveston, for appellee.

CODY, Justice.

On January 7, 1933, Guaranty Building & Loan Company, the then owner of a note executed by appellants, R. V. Breland and Veta Breland, under date of August 20, 1927, payable to itself at its office in Galveston, Tex., in the principal sum of $2,400, together with interest thereon from date until paid, at the rate of 8 per cent. per annum, at the times and in the manner in the said note set out, which is not necessary to be here set forth, filed suit thereon against the appellants, husband and wife, to recover the amount then alleged to be due in the sum of $3,299.23, together with interest and attorney's fees, and to foreclose the lien described in the deed of trust, likewise executed by appellants securing the payment of said note, which deed of trust covered lot 11, block 17, Fairview addition to the city of Wichita Falls, Tex. On February 2, 1933, the appellants, as defendants in the court below, filed their original answer to plaintiff's petition, which by way of special answer alleged that appellee had exercised the option to accelerate maturity given in the notes and deed of trust lien sued on and had thereby made the note payable August 1, 1928, and that more than four years had elapsed since such accelerated maturity of such note on January 7, 1933, the date plaintiff filed its petition, and pleaded the four-year statute of limitation (Vernon's Ann.Civ.St. art. 5527) in bar of plaintiff's suit. Thereafter plaintiff went to trial on its second amended original petition, and, in addition to the suit on the note and to foreclose the lien set out in its petition filed January 7, 1933, it pleaded the following letter from R. V. Breland to Guaranty Building & Loan Company under date of January 19, 1929, in avoidance of defendants' plea of limitation:

"Wichita Falls, Texas.
"1-19-29.
"Guaranty Building & Loan Co.,
Galveston, Texas.
"Dear Sirs: You will find money order for $32.00 which you will please give me credit for on my loan. I'm sorry I haven't been able to send you any money sooner, but I haven't had any work, and that is the only way I have earning any and I do hope you people will give me a chance as I'm doing all I can at present and as soon as I possibly can I will bring all back payments up to date. I have only worked four days in the past 3 weeks, but have next weeks work in view so if possible will send you some more money next week so I sure hope and trust this will be satisfactory with you. I beg to remain,
"Yours very truly,
"R. V. Breland."

Plaintiff's second amended original petition, in the alternative, alleged that it had been at all times since the execution and delivery of the note and deed of trust lien sued on the owner thereof, that default having been made in the payment of the deed of trust, it requested T. B. Curd, trustee, to foreclose its deed of trust on the property in question, and the said Curd did in due and lawful time, namely, February 25, 1929, sell the property, in the manner and form required by law, to the Guaranty Mortgage Company for the sum of $1,000, that being the highest bid obtainable for such property, and on said date said Curd duly conveyed the property to the Guaranty Mortgage Company.

Plaintiff in said pleadings further alleged that after the Guaranty Mortgage Company had become the owner of such property it entered into an agreement with R. V. Breland to rent the same to him and his wife at a monthly rental of $12.50, and that on or about March 1, 1932, Breland gave to the Guaranty Mortgage Company the following acknowledgment of tenancy and rental contract:

"Wichita Falls, March 1st, 1932.
"Guaranty Mortgage Company,
Dallas, Texas.
"Dear Sirs: The undersigned hereby recognize the Guaranty Mortgage Company as the owner of the following described property:
"Being Lot 11 Block 17 Fairview Add. to the City of Wichita Falls, Texas, and hereby relinquishes and forever quit claims the same unto the Guaranty Mortgage Company and agree to give possession thereof to said Guaranty Mortgage Company upon demand.
"In the mean time we have asked for permission to occupy said premises at a monthly rental of $12.50 per month, payable in advance beginning the 1st day of April, 1932, and which amount we agree

to pay as herein provided. It being understood that this agreement as to rental shall be from month to month only and shall be a lease of the premises either implied or otherwise.

"We having asked the privilege of occupying the premises as a tenant, for the rental herein mentioned, have signed this agreement willingly and without persuasion or undue duress on the part of the Guaranty Mortgage Company, its agents or representatives.

"Yours very truly,

"R. V. Breland.

"Witness, Herman H. Hesse."

Plaintiff alleged further that, by the execution of the above agreement, Breland for himself and wife did ratify and confirm the trustee's sale of the said property and waived any irregularity therein, and is estopped to question the validity thereof.

Plaintiff further alleged that the Guaranty Mortgage Company, on May 28, 1932, conveyed said property to plaintiff, and that plaintiff is and has been the owner of said property, with the right of possession thereof, since May 28, 1932, together with the original indebtedness and lien thereon; that the amount of such indebtedness at the time of the filing of the second amended original petition, after allowing all credits, including the $1,000 realized at the trustee's sale, is the sum of $2,581.12, and further alleged that if said trustee's sale be valid, plaintiff is entitled to recover said property from defendants, together with a judgment for the balance of said indebtedness in the sum of $2,581.12; that if said sale be invalid, plaintiff is entitled to judgment in the sum of $3,936.05, together with interest and to have its lien thereon foreclosed. And in said pleading plaintiff concluded with the prayer asking, first, for a judgment against the defendants on the note and for foreclosure of the lien on the property involved, and in the alternative and in case the foreclosure of said property under the trustee's sale be held valid, plaintiff prayed for title and possession of the premises, and for judgment for the balance due on its debt, principal, interest, and attorney's fees.

In reply to plaintiff's second amended original petition, defendants filed a plea in abatement to the venue of the court, and a plea of privilege to be sued in Wichita county, where the property is situated, and that plaintiff's pleading alleged an action in trespass to try title thereagainst, pleading the venue statute, article 1995, subd. 14, together with the other elements essential to the plea of privilege. To this plea of privilege, plaintiff filed its controverting plea, alleging a waiver by defendants of their plea of privilege and that they had theretofore answered to the merits of the suit.

The trial court, after having erroneously overruled defendants' plea of privilege directed against plaintiff's alternative suit in trespass to try title, proceeded to try the cause on its merits, and on the 22d day of October, 1934, instructed the jury to return a verdict in plaintiff's favor for the sum of $2,629.23, together with a foreclosure of plaintiff's deed of trust lien on the property in question. In other words, the trial court awarded judgment to the plaintiff on the cause of action which it preferred, and, of course, no attempt was made to also adjudge the property to plaintiff on its action in trespass to try title. From this judgment defendants have appealed, which appeal is now pending here and is numbered on the docket of this court as 10266; the two appeals by order of this court have been consolidated and submitted together.

■■■■ The undisputed evidence in cause No. 10266 discloses that plaintiff did, on August 1, 1928, after default had been made by defendants in payment of the note sued on, acting on the acceleration of maturity clause, duly matured the same and, acting under the power vested in him by the deed of trust, Curd sold off said property, and that the Guaranty Mortgage Company became the purchaser. Obviously, the bar of the four-year statute of limitation, pleaded by defendants, was good as against the suit on the note sued on, as plaintiff did not file suit until in January, 1933, more than four years after it had been matured. The trustee's sale of the property is before us only so far as it shows the indebtedness, secured by said deed of trust, was matured more than four years before the suit was filed. Cause No. 10136 is remanded to the trial court with instructions to sustain the plea of privilege and to take the proceedings appropriate to the judgment sustaining such plea of privilege. Cause No. 10266, is here reversed and rendered.

Reversed and remanded in part; reversed and rendered in part.