BRELAND et ux. v. GUARANTY BUILDING & LOAN CO.

No. 13782.

Court of Civil Appeals of Texas. Fort Worth.

June 17, 1938.

Rehearing Denied Sept. 23, 1938.

Wichita County, Texas. For the second count, and in the alternative, appellee sued for the title to and possession of the tract of land, alleging that sale had been made under the powers given in the deed of trust to secure the indebtedness first sued upon; that the land had been bought in by appellee, and that long after the sale appellant R. V. Breland executed an instrument in writing, in which he relinquished and quitclaimed all title to the tract of land, and agreed to give possession upon demand, and agreed to become a tenant in the property on an agreed rental, such tenancy to continue only from month to month.

To this pleading Breland and wife urged pleadings as follows: To the first count, for debt and foreclosure, that the debt and lien were barred by the statute of limitations, because the owner and holder of the indebtedness, under the express provisions of the note and deed of trust, had long since accelerated the maturity of the debt. To the second count, for title and possession of the tract of land, appellants filed a plea of privilege and a special plea to the jurisdiction.

The cause went to trial, and the District Court of Galveston County rendered judgment for appellee for debt and foreclosure of its said lien, and overruled the plea of privilege. Appellants appealed from the order overruling their plea of privilege, and from the judgment of the District Court against them for debt and foreclosure of said lien.

The Court of Civil Appeals for the Galveston District reversed the judgment of the District Court and rendered judgment for the Brelands, insofar as the count for debt and foreclosure is concerned, holding that such cause of action was barred by limitations, and the cause was remanded to the trial court, with instructions to sustain the plea of privilege addressed to the second count in the petition, all of which was done, and the suit transferred to the District Court of Wichita County, to be heard on the count for the recovery of title to and possession of the premises. 103 S. W.2d 474.

After the case reached the District Court of Wichita County, the Brelands, in answer to the suit for title and possession, pleaded that the trustee's sale was of no effect, because the debt had not matured and was not in arrears, and further pleaded that the written instrument relied upon by appellee and executed only by R. V.

Smoot & Smoot, of Wichita Falls, for appellants.

George Burgess, of Dallas, and Ray Bland, of Wichita Falls, for appellee.

BROWN, Justice.

Appellee, Guaranty Building & Loan Company, brought suit against appellants, R. V. Breland and wife, Veta Breland, in the District Court of Galveston County. There were two counts in the petition. The first was for judgment on a promissory note, together with a foreclosure of the liens executed to secure such note, given upon a certain parcel of land situated in

Breland was signed and delivered only on condition that Breland's wife would also sign the instrument.

To appellants' defense, appellee specially pleaded that appellants having pleaded and relied upon the fact that the debt and lien were barred by the statute of limitations, because the maturity thereof had long since been accelerated by the holder of the debt and lien, and having successfully defended the suit for debt and foreclosure, by obtaining a judgment sustaining their plea of limitations, that the Brelands cannot now in the present suit set up an inconsistent defense and allege that the debt and lien in truth and in fact were not barred and were not matured and in arrears.

The case was tried to a jury. The trial court held that appellants were not entitled to plead the inconsistent defense, and submitted only one issue to the jury, namely, whether or not R. V. Breland signed and delivered the instrument relied upon by appellee only on condition that Mrs. Breland would also sign same. To this issue the jury answered "No," and the trial court rendered judgment for appellee for title to and possession of the real property involved. Breland and wife have appealed.

We find 23 assignments of error in appellants' brief, and it appears that all except the sixth, thirteenth, fourteenth and fifteenth are presented. We do not think it is necessary to take up each of the assignments of error, and content ourselves with discussing what we consider the important issues presented.

All assignments of error touching the exclusion by the court of the defense raised by the Brelands on this second trial must be overruled.

It must be remembered that the Brelands defeated appellee's suit for debt and foreclosure of its lien by the defense that the debt had long since been matured by the owner and holder thereof, who had accelerated its maturity, and that after the same was matured such suit was filed at a time when the statute of limitations of four years had run against the same. The Supreme Court of Texas, in Smith v. Chipley, 118 Tex. 415, 16 S.W.2d 269, said [page 276]:

"To permit a party to invoke the exercise of a jurisdiction within the general powers of the Supreme Court, by making representations as to a given state of facts, and thus obtain an advantage over his adversary, and a judgment and decree favorable to him based on such representations, that he could not otherwise have obtained, and then while retaining all such advantages, assert in another cause the very matter disclaimed in the former suit, would be contrary to every principle of right, and will not be tolerated by this court."

See, also, the same case recorded in Tex. Civ.App., 42 S.W.2d 645, on a second appeal, wherein a writ was refused.

It is not contended that there is any irregularity in the trustee's sale, the only contention being that the debt was not in arrears. Appellants being in no position in this last trial to now plead that the debt was not in arrears, unquestionably the title passed in the trustee's sale and appellee was entitled to recovery on that count alone.

There is no merit in the contention that Breland did not have the right to execute the instrument relied upon by appellee, in which he quitclaimed all interest in and to the property to appellee, long after the trustee's sale, and in which he specifically recognized appellee as the owner of the premises, and in which he agreed to rent the property from appellee on a stipulated monthly rental, and agreed further to deliver possession of the premises to appellee on demand. See Robertson v. Lee, Tex. Com.App., 249 S.W. 217; White v. Shepperd, 16 Tex. 163, 172; DeBruhl v. Maas, 54 Tex. 464; Estelle v. Hart et al., Tex. Com.App., 55 S.W.2d 510; Hale v. Hale, Tex.Civ.App., 93 S.W.2d 535; Harlowe v. Hudgins et al., 84 Tex. 107, 19 S.W. 364, 31 Am.St.Rep. 21.

We now come to the contention of appellants, to the effect that appellee is estopped in this suit on the doctrine of election of remedies; that is to say, that appellee having endeavored to establish its debt and foreclose its lien on the premises, and having pursued that remedy to and through the courts of last resort and failed, it cannot now attempt to recover the property on its second count. There is no merit in this contention.

The Commission of Appeals, in an opinion expressly adopted and approved by the Supreme Court, in the case of Poe v. Continental Oil & Cotton Co. et al., 231 S.W. 717, quoted from the opinion in the case of Bandy v. Cates, 44 Tex.Civ.App. 38, 97 S.W. 710, in which a writ of error was refused. The case quoted from is on all

fours with the case at Bar. In that opinion the following language was used [page 712]:

"As the debt was barred by the statute of limitation at the time Cates undertook to foreclose his lien in the former suit, he was not entitled to the relief sought, and therefore his action in that case did not constitute such election as would cut him off from his right to have the trustee foreclose his lien, which was his only valid remedy."

It is stated also in that opinion that the litigant's supposition that he had a particular remedy, and his effort to enforce it, is immaterial and does not constitute an election, unless the remedy in fact existed.

Mr. Justice Key, in delivering the opinion in the Bandy Case, cites a number of authorities, and the Supreme Court has placed its stamp of approval upon the holdings shown therein.

Finding no error, all assignments of error are overruled, and the judgment of the trial court is affirmed.