### S. DEUTSCH & Co. v. L. W. ALLEN.

(Case No. 4615.)

1. CASES APPROVED.— Bassett *v.* Proetzel, 53 Tex., 569, and Barron *v.* Thompson, 54 Tex., 235, which hold that a failure to issue an execution within one year from the date of a preceding execution results in the loss of the judgment lien, approved.

2. CONSIDERATION — DEED.— A deed from the husband conveyed property which the wife had attempted at a former time to convey without being joined by him. The attempted conveyance from the wife recited a consideration of $1,500 received by her, and this deed was referred to in the subsequent conveyance made by the husband, though his deed recited only a nominal consideration. In a proceeding by a creditor, attacking the deed from the husband, *held,*

(1) That the deed from the husband was *prima facie* for a consideration "deemed valuable in law."

APPEAL from Bexar. Tried below before the Hon. George H. Noonan.

The opinion states the case.

*Ogden & Ogden,* for appellants.

*Tarleton & Boone,* for appellee.

BONNER, ASSOCIATE JUSTICE.— It is contended by appellee Allen, defendant below, that the property in controversy was the separate property of Mrs. E. H. Adams, and not subject to the judgment against her husband, P. T. Adams; and by the appellants Deutsch & Co., plaintiffs below, that it was community property, and therefore subject to the judgment.

As most favorable to the rights of Deutsch & Co., we will consider it as such community property. Thus considered, it does not become necessary to decide the question raised in the case, that the deed of Mrs. Allen was void because her husband did not join in it. He

subsequently conveyed the property by his own deed, which was executed and recorded prior to the sheriff's deed under which Deutsch & Co. claim title. As the husband had the right to make this conveyance without being joined by the wife, it follows that his deed was superior to that of the subsequent deed by the sheriff, unless otherwise defective. It is sought by Deutsch & Co. to be avoided on two grounds: first, that it was subject to a lien by their judgment against P. T. & M. V. Adams; second, that it was made upon a consideration not deemed valuable in law, and was void as to them as antecedent creditors, under article 2466, Revised Statutes.

1. As the execution under which the sale was made issued more than one year next after the preceding execution, and no sufficient excuse shown for the want of greater diligence, any judgment lien which had existed on the property was, under the decisions of this court, lost. Barron v. Thompson, 54 Tex., 235; Bassett v. Proetzel, 53 Tex., 569.*

2. Article 2466, Revised Code, reads as follows: "Every gift, conveyance, assignment, transfer or charge made by a debtor, which is not upon consideration deemed valuable in law, shall be void as to prior creditors, unless it appears that such debtor was then possessed of property within this state subject to execution sufficient to pay his existing debts." . . .

The deed from P. T. Adams conveyed the legal title into Snow, and the effect of the judgment was to declare the good faith of that conveyance; and if the testimony is sufficient to support this finding, we would not, under the other testimony in the case, feel authorized to reverse the judgment.

There is no direct testimony as to the value of the land. The deed recites a consideration of five dollars, and the effect of the reference therein to the prior conveyance by the wife to Snow, in connection with the testimony of P. T. Adams himself, tends to prove that the real consideration was the prior deed of Mrs. Adams to Snow, and which recited a consideration of $1,500. If it be admitted for the purposes of this opinion only, that Mrs. Adams' deed was not sufficient to pass the title to the property because her husband did not join in it, and that a third party could take advantage of this defect, yet it does not follow that the husband could not recognize the consideration paid therefor as a sufficient and valuable one for his subsequent deed, in lieu of this prior one.

In our opinion the testimony was sufficient to make a *prima facie* case, at least, of a valuable consideration paid for the subsequent deed of the husband, and, in the absence of other testimony, was

sufficient to support the judgment below. It may be added that the testimony does not show that P. T. Adams was insolvent.

This view of the case dispenses with the necessity of the consideration of other questions presented. Judgment affirmed.

[Opinion delivered May 5, 1882.]  AFFIRMED.

\* NOTE.— The judgment of S. Deutsch & Co. v. P. T. & M. V. Adams was rendered 27th March, 1878. The first execution issued May 2, 1878. The second execution issued May 10, 1880, under which S. Deutsch & Co. purchased.