## W. P. BLAKE v. M. W. LOWRY.

### Decided April 21, 1906.

**1.—Conditional Sale.**

When property is conveyed by one person to another under an agreement for a reconveyance upon the payment of a specified sum at some future time, such conveyance will be held as a conditional sale, provided it clearly appears that the right to repurchase is optional with the vendor, and the relation of debtor and creditor does not exist between the parties as to the agreed consideration for such reconveyance. If the consideration for the conveyance is a pre-existing debt it must clearly appear that the debt is extinguished, otherwise the conveyance will be held a mortgage and not a conditional sale.

**2.—Written Instrument—Parol Evidence to Vary.**

Defendant, at the time the conveyance was executed to him for the land in controversy, gave to plaintiff the following writing: "This is to certify that James Roland this day conveyed to me a tract of one acre of land, and when W. P. Blake pays me $28.20 and interest, and costs of new transfer, I agree to reconvey said acre of land to W. P. Blake on demand." Held, in the absence of mistake or fraud, parol evidence was not admissible to show that defendant held said land as security for other indebtedness due him by plaintiff than that named in said writing.

**3.—Homestead—Mortgage of.**

One who had been divorced from his wife may mortgage the homestead.

Appeal from the District Court of Jefferson County. Tried below before Hon. A. T. Watts.

*F. J. & R. C. Duff* and *A. L. Davis*, for appellant.—When parties have reduced the contract or agreement between them to writing, and the writing on its face appears to be complete, evidence of contemporaneous parol agreements will not be heard to add to, take from or vary the writing, and the fact that the written agreement is in the form of a receipt does not affect the rule if it also embraces by its terms a contract. Lanes v. Squyres, 45 Texas, 382-7; Building & Loan Assn. v. Hamm, 36 S. W. Rep., 313; Self v. King, 28 Texas, 552; Belcher v. Mulhall, 57 Texas, 17-19; Willis v. Byars, 21 S. W. Rep., 320.

A mortgage on land can not be created by parol, nor can an existing mortgage be extended to secure debts which it was not originally made to secure. Castro v. Illies, 13 Texas, 233; Wynne v. Flannegan, 25

Texas, 778; Boehl v. Wadgymar, 54 Texas, 589; Johnson v. Portwood, 89 Texas, 248; Williams v. Hills, 19 How., 60 U. S., 570; Curles Heirs v. Eddy, 24 Mo., 117; Irwin v. Hubbard (Ind.), 19 Am. Rep., 682; Brown on Statute of Frauds, sec. 267.

Whether a transaction is a conditional sale or a mortgage, is a question of law to be determined from the real nature of the transaction, and is not affected by what the parties may choose to call it, and in doubtful cases the transaction will be construed as a mortgage rather than as a conditional sale. Ruffier v. Womack, 30 Texas, 332-340; Alstin v. Cundiff, 52 Texas, 453-462; DeBruhl v. Mass, 54 Texas, 464-472; Calhoun v. Lumkin, 60 Texas, 185-188; McCamant v. Roberts, 80 Texas, 316-322; Hart v. Eppstein, 71 Texas, 752-756; 6 Am. and Eng. Ency. of Law, 443.

The defendant having acquired a certain tract of land and holding same under a written contract between himself and plaintiff, and said tract having been exchanged by consent of both plaintiff and defendant for the land in controversy, defendant holds the land in controversy under the terms of the contract under which he held the original tract. Sayles' Civ. Stats., art. 2543, subdiv. 4.

Defendant having failed to establish title to the property sequestered, was liable for all actual damages sustained by plaintiff by reason of the sequestration, and if defendant knew at the time of suing out the writ that he had no title, he was also liable for exemplary damages. Simpson v. Lee, 34 S. W. Rep., 1053.

Plaintiff having clearly proven that when the writ of sequestration was issued, defendant had not title to the land in controversy, and having introduced sufficient evidence and proven his damages, he was entitled to judgment therefor. Wilkinson v. Stanley, 43 S. W. Rep., 609; Simpson v. Lee, 34 S. W. Rep., 1053.

No briefs for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—This is an action of trespass to try title and for the recovery of actual and exemplary damages for the alleged wrongful suing out and levy of a writ of sequestration, brought by appellant against the appellee.

The property involved in the suit is a part of a ten acre tract out of the Absalom Williams survey in Jefferson County, and is described in the petition as a lot or parcel of land 124 x 700 feet off the west end of said ten acre tract and a roadway 14 feet wide along the east side of said lot.

In addition to the usual allegations of a petition in trespass to try title plaintiff alleged, in substance, that prior to the 14th day of May he purchased by verbal sale from James Roland a tract of one acre of land out of said ten acre tract for a consideration of $110, and that immediately after his purchase he went into possession of said land and made permanent and valuable improvements thereon; that on the date last named he owed Roland a balance of $28.20 of the purchase money for said land, and not having the money to pay same he borrowed that amount from the defendant and agreed that Roland should convey the land to defendant and that he should hold same until plaintiff could

repay him the amount so borrowed; that in pursuance of this agreement the land was conveyed by Roland to defendant and the latter executed and delivered to plaintiff the following instrument evidencing the terms of the agreement between them:

"This is to certify that James Roland this day conveyed to me a tract of one acre of land, and when W. P. Blake pays me $28.20 and interest and costs of new transfer, I agree to reconvey said acre of land to W. P. Blake on demand."

That thereafter, in June, 1901, plaintiff paid the sum borrowed, together with defendant's fee for preparing the deed from Roland, and obtained from defendant the following receipt:

"Beaumont, Texas, June —, 1901.
"Received of W. P. Blake, thirty and fifty one hundredths dollars ($30.50); $28.20 for money loaned on deed; $2.50 for drawing deed to Clarkson.

M. W. Lowry."

That on two occasions prior to March 3, 1903, plaintiff sold portions of said one acre tract, and in each of said sales plaintiff and his vendee employed defendant to prepare the deed of conveyance and paid his charges therefor; that on March 3, 1903, plaintiff agreed with W. B. Lewis to trade him the balance of said one acre tract for the land in controversy in this suit, and he and said Lewis employed defendant to prepare the necessary conveyances between them; that in accordance with this agreement defendant on said date conveyed to Lewis the remainder of said one acre tract and took a deed to himself from Lewis to the land in controversy; that immediately after the exchange of said deeds plaintiff took possession of the property in controversy and he and his wife continued to occupy it as their homestead until dispossessed under a writ of sequestration sued out by defendant; that plaintiff was not present when said deeds of exchange were executed and delivered and supposed that the deed from Lewis had been made to him and did not learn otherwise until shortly before the filing of this suit; the plaintiff had often requested defendant to reconvey his land to him prior to the time that the exchange was made with Lewis, "but defendant would always interpose some excuse telling him that he would attend to it soon, but did not do so; that after said exchange of land and shortly prior to the filing of this action, after the information had come to him that something was wrong with his title, plaintiff renewed his said demand and defendant put him off as before, but defendant never in any manner, nor at any time whatever claimed title to said land, or to have any lien upon it until after this action was filed, disclosing the fact for the first time in his answer herein; that plaintiff is a colored man and uneducated, being scarcely able to read and write, and during all the said time and almost up to the time of filing this action defendant was plaintiff's attorney and counsel and occupied a position of trust toward plaintiff; and that plaintiff in all of his business transactions relied upon the advice and counsel of defendant as his attorney, and that in all the transactions herein set out plaintiff acted on the advice and counsel of said defendant and placed the fullest confidence and trust in him as his attorney."

These allegations are followed by a cross bill alleging the wrongful and malicious suing out and levy by defendant of a writ of sequestration under which plaintiff was dispossessed of said property. The prayer of the petition is for recovery of the title and possession of the property, the removal of the cloud upon plaintiff's title cast by defendant's claim, and for· actual and exemplary damages caused by the sequestration proceedings.

The defendant answered by general demurrer and plea of not guilty and by special pleas in which it is averred, in substance, that at the time the one acre tract of land purchased by plaintiff from James Roland was conveyed to defendant plaintiff was indebted to him for legal services in the sum of $50, and it was agreed by the plaintiff that the .deed to said land from Roland should be made to defendant and it should remain the property of defendant to secure the payment of said $50, the $28.20 paid by defendant to Roland, and such other sums of money as defendant should advance to plaintiff from time to time, defendant agreeing to reconvey the land to plaintiff upon his payment of the ·indebtedness aforesaid; that in pursuance of said agreement defendant advanced to plaintiff at different times various sums of money aggregating the sum of $811.70, as shown upon an exhibit attached to defendant's answer. This exhibit shows that the account has been credited with various amounts paid by plaintiff in cash and in labor, the balance claimed to be due by defendant being $464.10. The answer further avers:

"That on the third day of March, 1903, with the consent and agreement of plaintiff, defendant exchanged or traded said tract of land for the tract of land sued for herein, and· it was understood and agreed between plaintiff and defendant that said tract of land should be deeded to defendant and should be the property of defendant and remain his property to secure each of said amounts contained and shown by exhibit "A" hereto attached, until such time as plaintiff might purchase said land from defendant by paying to defendant all of said sums and advances in full.

"Defendant shows that after he obtained title to the land in controversy he permitted plaintiff to enter on and occupy said land as his tenant, and that many of the items as shown by exhibit 'A' hereto attached, consisted of material which defendant furnished to plaintiff and plaintiff used in constructing a house and other improvements on said property, and that plaintiff continued to occupy said land as de-. fendant's tenant at will up to the time plaintiff instituted this suit.

"Therefore defendant shows that he is the legal and equitable owner of said land, and that plaintiff has no right in said property except to purchase same from defendant by paying to defendant in ʾfull all of aforesaid sums of money and advances that plaintiff has obtained from defendant. But should defendant be mistaken in this, and it should be decided by the court that said transaction constitutes a lien on said property of said sums of money so advanced by defendant to plaintiff, then defendant prays that he have judgment against plaintiff in the sum of $464.10 and interest, and that said lien on said land be foreclosed and that said land be sold and that the proceeeds of said sale be applied to the payment of said judgment, and for such other and further relief

in law or equity as under the facts he may be entitled and in duty bound will ever pray."

The trial in the court below was to the court and resulted in a judgment in favor of the defendant, that plaintiff take nothing and that defendant recover all costs of the suit.

The evidence shows that the defendant Lowry advanced the $28.20 due by plaintiff Blake to Roland as a part of the purchase money for the one acre tract of land and by agreement with Blake took the deed therefor in his own name to secure said sum and a further indebtedness of $43 due him by Blake. At the time this deed was executed defendant executed and delivered to Blake the written agreement set out in plaintiff's petition. Thereafter Blake paid the $28.20 and fee charged him by defendant for preparing the deed, and defendant executed and delivered to him the receipt of June —, 1901, set out in the petition. The defendant testified as follows:

"Blake agreed with me at the time the deed was made to me by Roland that the land should be held by me and to be sold to him for all that he owed me besides the $28.20 purchase money as well as for that amount, and later that it should also be held by me for the other amounts that I advanced him.

"While I held the title to this original tract of land Blake sold two small parcels of it to different people and I made the deeds for him.

"On March 3, 1903, Blake owed me four hundred and sixty-seven dollars, and he had been negotiating with W. B. Lewis an exchange of the land deeded to me by Roland for a tract then owned by Lewis. He consulted me about the trade, and I advised him to make it and consented for him to do so. He did make the trade with Lewis for the land now in controversy, and before doing so he agreed with me that the conveyance should be made by Lewis to me and that I should hold this land upon the same terms as I held the original tract and should sell to him at any time he would pay the amount then due, $467. Lewis came to my office and I executed a deed conveying the Roland tract of land to him, and he conveyed to me the tract of land now in controversy. Blake was not present when this was done."

The evidence supports the finding that the plaintiff is indebted to the defendant in the sum of $467 for advances of money and supplies made to him by defendant subsequent to the date of the deed from Roland. The defendant further testified that he regarded the land as his until plaintiff paid him all of said indebtedness. Plaintiff was occupying the one acre tract purchased from Roland as his homestead at the time the deed from Roland to defendant was executed, and continued to occupy it as such until he exchanged it with Lewis for the land in controversy. Shortly before he traded with Lewis he was divorced from his wife, and at the time he made that trade and the deed from Lewis to defendant was executed, he was unmarried. A few days after this trade was made he remarried and moved upon the land in controversy, and continued to occupy it as his homestead until dispossessed under the writ of sequestration issued in this suit.

When plaintiff demanded a deed from the defendant shortly before this suit was filed defendant offered him a deed reserving a vendor's lien

to secure notes to be executed by plaintiff for the amount of the indebtedness claimed to be due by him to defendant.

The account evidencing the indebtedness of plaintiff to the defendant shows that a considerable portion of said indebtedness was incurred subsequent to the conveyance of the land to defendant by Lewis, and there is no evidence that either the plaintiff or defendant regarded the indebtedness ·as discharged by the execution of said deed.

The trial court held that this evidence established a conditional sale of the land by plaintiff to defendant, and plaintiff having failed to perform the condition under which he could secure a reinvestment of the title by paying or offering to pay the amount agreed upon, the defendant was entitled to a judgment.

We can not agree with the learned trial judge in this conclusion. When property is conveyed by one person to another under an agreement for a reconveyance upon the payment of a specified sum at some future time, such conveyance will be held as a conditional sale provided it clearly appears that the right to repurchase is optional with the vendor and the relation of debtor and· creditor does not exist between the parties as to the agreed consideration for such reconveyance. If the consideration for the conveyance is a pre-existing debt it must clearly appear that the debt is extinguished, otherwise the conveyance will be held a mortgage and not a conditional sale. (Ruffier v. Womack, 30 Texas, 332; Alstin's Executor v. Cundiff, 52 Texas, 453; DeBruhl v. Mass, 54 Texas, 464.)

Applying this test to the evidence in this case, it is clear that the conveyance by Lewis to appellee, if made as claimed by appellee with the consent of appellant and under an agreement by which appellee should hold the land as security for the debt due him by appellant, is in effect a mortgage, and can not be regarded as a conditional sale. It is true appellee testified that he regarded the land as his after such conveyance subject only to the right of appellant to obtain a reconveyance upon the payment of his indebtedness, but the evidence not only fails to show that the debt was extinguished by the conveyance, but on the contrary, it is shown that additional amounts were advanced appellant for which the land was held as security, and no part of the open and running account between the parties, which was the consideration for the conveyance, was extinguished. Under the evidence adduced on the trial appellee could at any time after the land was conveyed to him have sued and recovered against appellant the amount due upon said account and have foreclosed his mortgage on the land to secure same. The transaction can not be both a mortgage and a conditional sale, nor can it be optional with the creditor as to whether he shall treat it as the one or the other. If his debt is not extinguished and his right to enforce it gone, the conveyance to him can only be regarded as a mortgage, and he can only subject the property to the payment of his debt by proper foreclosure proceedings.

It follows from what we have said above that the judgment of the trial court must be reversed and the cause remanded for a new trial, and it is therefore necessary to pass upon appellant's assignment attacking the ruling of the court in permitting appellee to show by parol that he held the land conveyed to him by James Roland as security for other

indebtedness due him by appellant than that stated in the written instrument executed by him at the time he received such conveyance.

We think the objection to this evidence should have been sustained. There is no ambiguity in the written instrument and it purports to express the whole agreement between the parties and it can not be added to or varied by parol in the absence of mistake or fraud.

It further appears from the evidence that at the time the conveyance from Roland to appellee was executed the property was the homestead of appellant, and therefore any agreement on appellant's part that appellee should take the deed thereto from Roland and hold the property as security for any of the indebtedness claimed by appellee except the purchase money paid by him to Roland, was void.

When this property was traded by appellant to Lewis he was divorced from his wife and apparently had the right to mortgage the property acquired by him from Lewis. If upon another trial it should be shown that appellant did, as claimed by appellee, agree that the deed from Lewis should be made to appellee and that he should hold the property as security for the indebtedness due him by appellant, this would constitute a mortgage, and appellee would have the right to a foreclosure, appellant being entitled to offset against his indebtedness to appellee the damages, if any, which he may recover on his plea in reconvention.

For the reasons before indicated, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*