### WATSON et al. v. BEALL. (No. 295.) *

(Court of Civil Appeals of Texas. Waco. Dec. 24, 1925. Rehearing Denied Jan. 21, 1926.)

**1. Mortgages ⬅37(2)—Parol evidence is admissible to show that instrument in form of deed is mortgage.**

Parol evidence is admissible to show that instrument in the form of a deed is in fact a mortgage.

**2. Mortgages ⬅39—Whether transaction is conditional sale or mortgage is question of fact under circumstances.**

Whether a particular transaction constitutes conditional sale or mortgage is ordinarily question of act, to be determined under the circumstances by the court or jury.

**3. Mortgages ⬅32(5)—Ordinarily instrument in form of deed will be considered mortgage, if debt continues to exist.**

In determining whether a transaction constitutes a deed or a mortgage, instrument will ordinarily be held to be a mortgage, if a debt continues as result of transaction, and is not extinguished by the instrument.

**4. Mortgages ⬅6—Transaction conveying portion of land held mortgage, and not conditional sale.**

Transaction whereby one party deeded interest in land for recited consideration, and grantee agreed to reconvey on repayment by grantor of the consideration evidenced by promissory note, *held* a mortgage, and not a conditional sale.

**5. Appeal and error ⬅662(3)—Appellant is bound by qualifications to bills of exception which he accepts.**

Party accepting bill of exception qualified by trial judge is bound by the qualifications as made, and appellate court is governed thereby.

**6. Tenancy in common ⬅44—Party owning undivided interest in land can sell it, or any portion thereof.**

A party owning an undivided interest in land can sell his interest, or any portion thereof, without in any way incumbering or affecting interest of his cotenants, and therefore, where one claiming entire interest, who is really owner in indivision, sells less than his own real portion, the interest sold will be deducted from his share.

Appeal from District Court, Freestone County; J. R. Bell, Judge.

Suit by William W. Beall against Annie E. Watson and husband. Judgment for plaintiff, and defendants appeal. Affirmed.

James Spiller, of Wortham, and Williford & Geppert, of Fairfield, for appellants.

Edwards & French, of Fairfield, and Richard Mays and A. P. Mays, both of Corsicana, for appellee.

BARCUS, J. In 1913, Mrs. A. W. Beall, the mother of appellant and appellee, died testate, leaving, surviving her, her husband and seven children. Her estate consisted of 14½ acres of land in Wortham, occupied by the family as a homestead. Under her will, which was duly probated, her husband was left a life estate in the property, with a reversionary interest in her daughters, Mary Yates Beall and appellant Annie Elizabeth Beall, giving them the right, after the death of her husband, to occupy the same as long as it was necessary and best to be so used by them as a home. The will provided that G. B. Beall, Julia Beall, and John Bounds should have the power to decide when the property was no longer needed as a home for her two daughters, and provided that, when the property was no longer so needed, it should be divided and bequeathed to her

seven children, share and share alike; appellee and appellant being two of the seven children. Mrs. Beall's husband died in April, 1917, and in December, 1921, the committee appointed under the will decided that it was not necessary for the two daughters to longer occupy the property as a home.

In November, after their mother died in October, 1913, appellee executed to his sister, Annie E. Watson (née Beall), appellant herein, a general warranty deed, which was promptly recorded, to his undivided one-seventh interest in the 14½-acre homestead for a recited cash consideration of $350, and at the same time and in connection therewith he executed to appellant his note for $350, due and payable one year after date, with 10 per cent. interest, and appellant executed and delivered to appellee the following instrument:

"Whereas, on this day, November 15, 1913, I have loaned to my brother, William W. Beall, $350, and to my brother, J. Y. Beall, $200, covered by their promissory notes of this date, bearing 10 per cent. interest per annum, and as security for the payment of said notes they have this day deeded to me their undivided interest in my father's homestead in the town of Wortham, Freestone County, Texas; and it being understood and agreed. among and between ourselves that they may redeem and repossess their said interests in said homestead after the payment of said notes:

"Now, I hereby covenant and agree and bind myself that I will, upon the payment by them of said notes and all interest due thereon, deed and convey back to them, or either of them, the said homestead interest this day conveyed to me, if they desire me to do so."

Under the provisions of the will, Mr. Beall, the father of appellee and appellant, together with the two daughters, occupied the property as their home until his death in 1917, and the two daughters continued said occupancy until November, 1922, at which time G. B. Beall, Emma Bounds and husband, John T. Bounds, Julia Mead and husband, J. W. Mead, and Mary Yates Beall, by her guardian, filed suit against Annie E. Beall (she having since married ,Watson) for a partition of the 14½-acre homestead, in which each of the four plaintiffs, as children of Mrs. Beall, claimed to own an undivided one-seventh interest, and alleged that Annie E. Watson (née Beall) owned three-sevenths interest, being her one-seventh interest, which she had by inheritance, and the two-sevenths interest which the records showed she had purchased from her brothers, W. W. Beall and J. Y. Beall. Appellee was not a party to said suit, and the trial court found that he was not in any way bound thereby. In said suit three-sevenths interest in the property, being 6 acres, was set aside to the appellant Annie E. Watson (née Beall), and the other four-sevenths interest to the plaintiffs in said suit. Said partition judgment was entered February 14, 1923.

This suit was instituted by appellee, William W. Beall, against Annie E. Watson and husband, in January, 1925, to recover an undivided one-third interest in the 6 acres of land that had been set aside in the partition suit to appellant Annie E. Watson. Appellee alleged that appellant, acting under the apparent authority and ownership by reason of the deed he had made to her, had joined in the partition thereof with the other children, and that his interest in the property had been set aside to her, and that he was entitled to a one-third interest in said 6 acres set aside to her in said partition suit. He further alleged that appellants had executed a mineral lease on said land for $1,200 cash and one-eighth royalty; that he had, since the filing of this suit, ratified same and was entitled to recover one-third of the $1,200 cash paid and one-third of the one-eighth royalty. He alleged that the deed which he executed to his sister, appellant, in 1913, was intended to be, and was in fact, a mortgage to secure the $350 note. He tendered into court the full amount of said note, with 10 per cent. interest thereon from the date it was executed.

Appellants answered by a general demurrer, some special exceptions, general denial, statute of three, five, and ten years' limitation, and, further, that it was the understanding between all the parties, at the time the deed was executed, that the same was a sale, and that appellee was estopped from setting up any claim to the property, and appellants claimed title in fee simple.

Appellee alleged that appellants had conveyed to J. F. Marion a one thirty-second interest in the mineral estate in said land, and that same cast a cloud on the title to his interest, and he prayed that same be removed. The Le Valma Petroleum Company, a corporation, filed its plea of intervention, claiming that it had purchased from Marion a portion of the mineral lease conveyed to him. The defendant Marion answered, alleging that he had purchased a one thirty-second interest in the mineral rights, and had conveyed a portion thereof to said Le Valma Petroleum Company, and prayed that the title thereto be quieted in him and said Petroleum Company.

The cause was tried to the court, and resulted in judgment being rendered in favor of appellee for an undivided one-third interest in the 6 acres and for $400, being one-third of the $1,200 paid appellants for the oil lease, and one-third of the one-eighth mineral estate, and in favor of appellant Mrs. Watson for $750.55, the amount of the note and interest, together with a foreclosure of the mortgage lien on appellee's interest in the property to secure the payment thereof, and in favor of J. F. Marion and Le Valma Petroleum Company for their interest in the mineral estate, to be taken out of appellants' one-third of the one-eighth min-

eral estate, leaving appellants one ninety-sixth interest in the mineral estate.

The trial court, at the request of appellants, filed its findings of fact and conclusions of law. In addition to the facts hereinbefore stated, the trial court found that the deed executed by appellee to Mrs. Watson (née Beall) in 1913 was a mortgage to secure a loan which she made to him at said time for $350, and that it was the intention of all the parties at the time that the deed should be construed and held to be a mortgage to secure said note. The court further found that appellee had made no false representations with reference to the title to the land, and had not done any act, neither had he failed to do anything, that in any way induced appellant to change her position to her detriment, and found that appellant Mrs. Watson had made no attempt to repudiate the relation of creditor and debtor existing between her and appellee, and had never informed appellee of her intention to repudiate said relationship, prior to the time the partition suit was tried in February, 1923. Appellant testified at the trial that she still held appellee's $350 note and produced same.

[1-4] Appellants have in their brief correctly stated that the controlling question in this case is whether the transaction between the parties in November, 1913, was a mortgage or a conditional sale. Appellants contend that the instruments, together with the testimony, show conclusively that the transaction amounted to a conditional sale, and that appellee, having failed to pay the note when it became due one year after date, or, at most, his having failed to pay same before it was barred by limitation, the title to the property became vested in appellant Mrs. Watson, and appellee's right to have the property reconveyed to him became and was forfeited and waived. We cannot agree with this contention.

There have been a great number of opinions and expressions from our courts with reference to what amounts to a conditional sale, and what constitutes a mortgage. Our courts have always held that an instrument in the form of a deed may, by parole evidence, be shown to be in fact a mortgage. Stamper v. Johnson, 3 Tex. 1; Young v. Blain (Tex. Civ. App.) 231 S. W. 851; Id. (Tex. Com. App.) 245 S. W. 65. The question as to whether the particular facts constitute a conditional sale or a mortgage is ordinarily a question of fact, to be determined by the court or jury. Harvey v. Edens, 69 Tex. 420, 6 S. W. 306; Young v. Blain (Tex. Com. App.) 245 S. W. 65. The general rule by which to determine whether a particular transaction amounts to a mortgage or a conditional sale is fully treated in the case of Goodbar & Co. v. Bloom, 43 Tex. Civ. App. 434, 96 S. W. 657, in which the various authorities and text-books are collated and fully discussed. One of the essential tests laid

279 S.W.—35

down by all of the authorities, so far as we can find, by which to determine whether the conveyance is a conditional sale or a mortgage, is whether the debt is discharged by the conveyance, or was it the intention of the parties to continue the debt and secure same by the instrument as executed? If the debt is not extinguished, but continues to exist the general rule is that the instrument will be held to be a mortgage. Rotan Grocery Co. v. Turner, 46 Tex. Civ. App. 534, 102 S. W. 932; Alstin v. Cundiff, 52 Tex. 453; Blake v. Lowry, 43 Tex. Civ. App. 17, 93 S. W. 521; Tittle v. Vanleer, 89 Tex. 174, 29 S. W. 1065, 34 S. W. 715, 37 L. R. A. 337; Astugueville v. Loustaunau, 61 Tex. 233; Hume v. Le Compte (Tex. Civ. App.) 142 S. W. 934. The trial court heard the testimony of all the parties, and their explanation with reference to the transaction in question, and found as a matter of fact that it was the intention of the parties, at the time, that the deed from appellee to appellants should be and was a mortgage to secure the $350 loan made at the time by appellant to appellee, and that said debt was still in existence, and his findings are amply supported by the testimony in the case.

[5] Appellants, by a number of assignments, complain of the action of the trial court in refusing to permit Mrs. Watson to testify fully as to what was said and done between her and appellee at the time the instruments in controversy were executed, and of the court's action in requiring her to answer certain questions. The qualifications of the trial judge attached to the bills of exception show that Mrs. Watson was permitted to testify to all material facts. Appellants contend the trial court was in error in so qualifying the bills of exception. Where a party accepts a bill of exception, which is qualified by the trial judge, he is bound by the qualifications as made, and this court is governed thereby. San Antonio Traction Co. v. Settle, 104 Tex. 142, 135 S. W. 116. We have, however, carefully examined the statement of facts, and do not think any of the contentions of appellants with reference to the exclusion or admission of testimony show any reversible error.

[6] Appellants further complain of the action of the trial court in rendering judgment for Marion and the Petroleum Company for a one thirty-second interest to be taken out of her one twenty-fourth interest in the mineral estate, contending that said interest should be taken in part from the interest of appellee. We overrule this assignment, for the reason that the portion which appellants transferred was less than her undivided one-third interest in the mineral estate, and a party who owns an undivided interest in real estate can sell his interest, or any portion thereof, without in any way incumbering or affecting the undivided interest held therein by his cotenants.

We have examined all of appellants' as-

signments of error, and do not think they show any reversible error, and same are overruled. The judgment of the trial court is in all things affirmed.